Sneed, J.,
delivered tlie opinion of the court:
The only question in this case is, whether the circuit judge erred in refusing the defendant’s application for a change of venue.
The action is replevin, the merits of which are not before us. It is only necessary to say that the litigation grew out of certain circumstances connected with the organization of the county of Crockett, and that the plaintiffs were the active friends of the new county, and that the defendant as actively opposed it, and was complainant in a bill filed to enjoin and prevent its organization. The present action of replevin grew out of that litigation in chancery, and was instituted in the circuit court of said county of Crockett, where the plaintiffs had a verdict and judgment, the application of the defendant for a. change of venue being refused, and exceptions taken, the case is before us on that question alone. In support of his application, the defendant produced his own affidavit, and that of three compurgators, in which they jointly swear that owing to the prejudice against the defendant in said county, he cannot have a fair and impartial trial in said county, and praying a change of venue. The affidavits embody a statement of facts as the foundation of said prejudice to the effect that it originated in the defendant’s hostility to the establishment of the new county, and the active steps he had taken to defeat it. A number of witnesses, on the other hand, from different parts of the county, were brought before the court to disprove the averments of the defendant and his compurgators, all of whom concur in stating that at the time the defendant was litigating the question of the existence of the county, there had been much prejudice against him, but that it had long since subsided, and that they knew of none other existing that would prevent or embarrass a fair and just trial of the cause. The court was of opinion, upon the testimony, that it was not a proper case, under the statute, for a change of venue, and ad *628 judged accordingly. Tire Act of 1825, cli. 78, sec. 1, which authorizes and regulates the change of venue in civil actions, provides, that the applicant shall make a statement of facts, in writing, under oath or affirmation, that he verily believes that, owing to prejudice, or other causes, then existing, he cannot have a fair and impartial trial in the county where the cause is pending, the truth of which statement shall be verified and supported by the oath of at least three respectable and disinterested persons, and if the presiding judge, on due consideration, should be of opinion that the cause set forth is good, and the truth thereof evident and credibly supported, he shall allow the change asked for. T. & S. Rev., secs. 2837, 2838. [See now Shannon’s Code, secs. 4551, 4552, showing the amendment by.Act of 1870, ch. 5, providing-for a change of venue in cases before a justice of the peace.] The circuit judge must be satisfied, upon due consideration, that the cause set forth is good, and the truth thereof evident and credibly supported; and this, court, in giving a construction to this statute in the case of Weakley v. Pearce, 5 Heis., 401, held it to be a legitimate and proper practice in such cases to take counter testimony to test the truth of the cause stated, and to demonstrate the truth or falsity of the causes stated. This case [at page 422] overruled the case of Blackburn v. Hawthorne, 4 Cold., 214. So far as that case held that counter testimony could not be received. In the case of Gasaway v. Smith, 3 Hum., 154, it had been held that it was discretionary with the circuit judge to change the venue or not, and that this court will not revise that discretion. But it is now well settled that the discretion of the circuit judge may be revised here, and if the venue be improvidently changed, his action will be reversed. It would seem an improbable assumption in any case that in a county containing a population sufficient to authorize its organization, twelve just men could not be *629 found to try a litigation between two citizens. Tbe policy of the law in all actions not transitory, is to have the matters in controversy tried by a jury of the vicinage where the transactions occurred, and the venue should never be changed, except, upon a literal compliance with the statute, the presiding judge is satisfied that justice cannot be had by the applicant. In this case, the testimony that governed the action of the court below is all before us, and we cannot see that the discretion of the court has been incautiously ox improperly exercised.
Affirm the judgment.